Filed 10/30/13  P. v. Parker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DANIEL STEVEN PARKER,<br><br>　　　　Defendant and Appellant. | C073403<br><br>(Super. Ct. No. 95F05554) |

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel for defendant Daniel Steven Parker has asked us to review the record for arguable issues in this appeal from the denial of his motion to modify his three strikes sentence pursuant to Penal Code[1] section 1170.126.  Because we find defendant is not entitled to *Wende* review, we dismiss the appeal as abandoned.

---

[1] Further undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In 1996, the trial court sentenced defendant to 25 years to life following his conviction for possession of methamphetamine for sale (Health & Saf. Code, § 11378) with an enhancement for being personally armed with a firearm (§ 12022, subd. (c)) and with two prior strike convictions. In December 2012, defendant filed a motion for recall and modification of his three strikes sentence pursuant to section 1170.126. The superior court denied the motion, finding defendant ineligible for resentencing because he was armed with a firearm during the commission of the current offense. (§§ 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii).) Defendant filed a motion for reconsideration, which the superior court denied on March 18, 2013.

Defendant filed a timely notice of appeal.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] (*Anders*) is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546].)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)),

2

that right is statutory, not constitutional.  Defendant is not entitled to *Wende* review in such an appeal.  (See *Serrano, supra,* at p. 501 [no *Wende* review for denial of post conviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano*, here defendant has no right to a *Wende* review of the denial of his motion to modify his sentence pursuant to section 1170.126.  Because neither defendant nor his counsel raise any claim of error, we must dismiss defendant's appeal as abandoned.

## DISPOSITION

The appeal is dismissed.

DUARTE                    , J.

We concur:

NICHOLSON           , Acting P. J.

HOCH                     , J.

3